THOMAS L. HARPER, Appellant, v. THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY, Respondent.

1. *Practice, Civil — Pleadings—Allegations.*—In an action for damages against a railroad company, an allegation that it was the duty of defendant to employ a suitable engineer, and that it failed and neglected to do so, does not authorize proof that a fireman, in the absence of the engineer, did manage and control the locomotive. The petition should allege that defendant authorized or allowed the fireman to do such act.

2. *Practice, Civil — Instructions.*— The giving of instructions not based on evidence is erroneous.

3. *Agent — Liability of principal.*— The same degree of negligence which unfits a party for employment in the first place will equally unfit him for a continuance therein, his negligent conduct being known to his employer.

*Appeal from St. Louis Circuit Court.*

Plaintiff was a minor and sued by his next friend.

*Bell*, and *Sherzer*, for appellant.

A company is responsible to its servants for its own negligent acts. ( Snow v. H. R.R., 8 Allen, 445; Keegan v. Western R.R., 4 Seld., N. Y., 175; Noyes v. Smith, 28 Verm. 62; Ryan v. Fowler, 24 N. Y. 413 ; Wright v. N. Y. C. R.R., 25 N. Y. 565 ; Warner v. Erie R.R. Co., 39 N. Y. 478 ; Patterson v. Wallace, 28 Eng. Law & Eq. 50 ; Marshall v. Stewart, 33 Eng. Law & Eq. 7 ; Wilson v. Merry, 3 H. L. 326.) It is bound, in duty to its servants, to employ servants competent in their respective spheres, and to use safe machinery; and if it knowingly transgresses, it becomes liable for all injuries sustained. (1 Redf. on Rail., 3d ed., 520 ; Frazier v. Penn. R.R., 38 Penn. St. 104; McDermott v. P. R.R., 30 Mo. 116 ; see, also, authorities above cited. )

*C: W. Hanna*, and *Garesche & Mead*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

According to the plaintiff's brief, "this is an action brought to recover damages for injuries sustained through the fault and negligence of the company in allowing a fireman, in the absence of the engineer, to manage and control the locomotive engine" attached to the train of which the plaintiff was conductor. If this is an accurate characterization of the complaint and cause of action, then there is much force in the views presented in the able brief filed in the cause for the plaintiff. But these views are based on a possible theory of the facts developed at the trial, rather than upon the allegations of the petition.

The plaintiff was in the employment of the defendant as the conductor of a construction train; and while thus employed was thrown from the train and seriously injured. He seeks to recover damages of the defendant on the ground that the injury was caused by the negligence of the defendant in the non-employment of a suitable engineer to control and manage the engine attached to said train.

The petition avers "that it was the duty of the defendant to employ a competent engineer to take charge of and manage the locomotive engine used in drawing said train; and that the defendant failed and neglected to perform this, its said duty." The petition then proceeds to narrate the incidents which are supposed to have eventuated in the alleged injury, giving the time, place, circumstances, and instrumentalities preceding and attending the principal event, to-wit: the injury to the plaintiff; and to deduce that injury from the alleged negligence of the defendant in the non-employment of a suitable engineer.

Now, the *gravamen* of the charge consists in this: that it was the duty of the defendant to employ a suitable engineer, and that it failed and neglected to do so. The remaining averments pertain to time, place, etc., whereby it is sought to connect the injury of plaintiff with the negligence of the defendant, in the particulars stated, as the source and procuring cause of the casualty.

The gist of the matter, according to the petition, lies in the

imputed non-employment of a suitable engineer, and not in "allowing a fireman, in the absence of the engineer, to manage and control the locomotive." There is no allegation that defendant either "authorized" or "allowed" this; nor is there any averment to the effect that .the defendant in any manner countenanced this supposed "negligent act." The petition is barren of averments of that character.

The court, therefore, in settling the instructions, was perfectly right in putting out of view the fact that the "fireman was, at the time of the accident, managing and controlling the engine," for it is not alleged that the defendant ever "authorized or permitted," directly or indirectly, the fact in question. It is alleged, indeed, that the fireman was in charge of the engine, but it is not alleged or intimated that the defendant had any responsibility in that matter, except as it was responsible for the character of the engineer, which brings us back to the original inquiry: was the engineer a competent and suitable person for the place he was filling? This was the main question for the jury, under the .pleadings, and it was neither overlooked or disregarded by the court.

This disposes of the main proposition pressed upon our attention by the plaintiff's counsel. Nevertheless, the judgment must be reversed on other grounds. In regard to the question of contributory negligence, the court directed the jury that, if they believed from the evidence that the injury complained of "occurred while plaintiff was in the voluntary performance of an act not within the sphere of his duties as conductor," then he was not entitled to recover. There was clearly no evidence on which to base this instruction, and it was for that reason erroneous. It was addressed to a material issue in the case, and we can not know what effect it may have had on the minds of the jury, although the inquiry addressed by them to the court indicates that the verdict turned upon another issue.

Nor am I prepared to assent to the phraseology of the instruction given in response to the inquiry of the jury, wherein the court informs them that if the engineer employed by the defendant was competent at the time of the original employment, then

defendant would not be liable for his negligent acts, unless his his subsequent negligence was known to his employer, and was also gross in its character. The epithet "gross" is inapt and misleading. For that degree of negligence which would have rendered the party unfit for the place in the first instance, would equally unfit him for a continuance therein after the appointment, his negligent conduct being known to his employer. He should be discharged for the same measure of negligence which would have unfitted him for the original employment. (See 1 Redf. on Rail. 520 ; Ormond v. Holland, 1 El., Bl. & El. 202.)

The plaintiff's instruction No. 5, regarding the *quantum* of damages, states a correct rule, provided that the jury had found, upon proper instructions, that the plaintiff, a minor, had been emancipated from the parental service and control, and had thereby become entitled to his own earnings. (Reeve's Dom. Rel., Park & Bald. 422, note 2, and the cases cited in that note.) As the matter stood, the instruction was properly refused.

I do not deem it necessary to examine the remaining instructions, or pass any judgment or criticism thereon.

For the reasons assigned, the judgment is reversed and the cause remanded, the other judges concurring.